CHITTENDEN
*January,*
1831,

Eddy et al.
*vs.*
Hine.

———————————

BEZELE HOSFORD *vs.* ISAAC S. FOOTE.

CHITTENDEN
*January,*
1831.

On a promise by A to pay, and save B harmless from three notes of less than one hundred dollars each, payable in three successive years, if A fails, and B is obliged to pay as they fall due, B may recover before a justice of the peace, upon each successive payment by him, and one recovery is no bar to the others.

A memorandum in writing, not signed by the party, is admissible evidence, accompanied with testimony of his concessions, that such memorandum contained the true contract.

This case was brought up from the county court upon exceptions allowed by the judges. The facts appeared to be these : The plaintiff, in the year 1820, gave three notes to one Johnson Foote, from forty to ninety dollars each ; and, in the year 1823, the plaintiff held a note against the defendant, which he delivered up to the defendant to be cancelled, also sold and delivered him a certain horse ; in consideration of which the defendant promised the plaintiff, that he would pay, and save the plaintiff harmless from, the said three notes, which said Johnson Foote held against the plaintiff, they being payable in three successive years. The defendant failed to pay said notes, or either of them, and the plaintiff was sued, and compelled to pay to Johnson Foote the note first payable ; and brought his action against the defendant upon his contract of indemnity, alleging, as a breach, what related to that note only, which he had thus been compelled to pay. This action was appealed to the county court.

CHITTENDEN Soon afterwards, the plaintiff was sued upon the note to Johnson
January,
1831. Foote, which next became payable, and was compelled to pay
Hosford this also.   He then brought his action against the defendant,
vs. upon the same contract, alleging, as a breach,what related to said
Foote. second note only.   This action was, also, appealed to the county
court,and was the one now under consideration. Both actions being in
the same county court together,the plaintiff recovered judgement in
the one first commenced.   The defendant then insisted,that a justice
of the peace could have no jurisdiction of this action ; the entire con-
tract,concerning the three notes,exceeding the sum of one hundred
dollars.   He,also, contended, that no successive actions could be
sustained upon this contract ; and, therefore, that the final judge-
ment, recovered by the plaintiff in said first action, barred his right
of recovery in this action.   A further question was, also, raised.
The plaintiff, in order to prove the contract, set up in his decla-
ration, offered a memorandum in writing, not signed by any per-
son, accompanied with parol proof, that this memorandum con-
tained the true contract between these parties.   The writing was
objected to by the defendant, but admitted by the court.

The written pleadings closed in issues to the Court ; and, up-
on the finding, by the county court, of the foregoing facts, they
rendered judgement for the plaintiff.   To their decision, upon the
several points raised, the defendant excepted.

The exceptions were now argued by *C. Adams*, for the defen-
dant, and by *H. Allen*, for the plaintiff.

HUTCHINSON, C. J., pronounced the opinion of the Court.—
The memorandum in writing, if offered by itself, would not be
admissible ; but it was offered in connection with parol evidence
of the defendant's concessions, that it contained the true contract
between them.   This makes it the same as if the defendant, in-
stead of referring to the writing, had stated over to the witnesses
just what is contained in this writing.   The writing is presented
as a part of their testimony ; and, as such, was correctly admitted.
The want of coherence in the different parts of this writing, is
slightly noticed by counsel.   There is one expression in the wri-
ting, which, standing alone, would show, that the three notes to
Johnson Foote were supposed not to exceed eighty three dollars ;
yet, taking the whole together, it is clear, that this expression was
intended to relate to one of the notes, only ; for, it goes directly
on to describe two other notes,as being for fortytwo or forty three

dollars each; and, when it plainly speaks of the three notes, it says,
" they are supposed to contain one hundred and sixty five dollars."
Thus understanding the case, we have no doubt but this testi-
mony was correctly admitted.

The principal question seems to be, whether the action is with-
in the jurisdiction of a justice of the peace.  For, if the action was
originally before a court that had no jurisdiction over it, the coun-
ty court could have no appellate jurisdiction to render a judge-
ment in favor of the plaintiff.  The amount of the notes, or the
consideration of the defendant's promise, or the sum total of what
defendant was to pay, by virtue of his contract, would clearly ex-
ceed the jurisdiction of a justice of the peace.  Is this, then, to
be considered as necessarily an entire contract, or virtually three
contracts ?  By reference to the written memorandum, it appears,
that none of these notes had become payable, when the defendant
made this contract, though all had become due, when the plain-
tiff was compelled to pay the one now in controversy.  This was,
then, virtually a promise by the defendant, that he would pay the
first note when it should become due, and another promise with
regard to the second, and another with regard to the third.  This
contract contains the most perfect analogy to a note for a given
sum, payable by three instalments.  In such case, certainly an ac-
tion would lie upon each failure ;  and the jurisdiction would be
regulated by the sum to be recovered in each action.  And it
forms no objection to these several actions, that they are all foun-
ded upon one consideration, large enough to support all the prom-
ises.  The whole consideration and contract being set forth, the
assignment of the breach brings one particular instalment, and
that only, in controversy :  and this as well in reference to jurisdic-
tion, as to the sum to be recovered.

It is urged, however, that all the notes to Johnson Foote had be-
come due before the plaintiff commenced either of his actions.
This does appear ; but it also appears, that the plaintiff had not been
damnified by the subject matter of the present action, when he
commenced his first action ; and the plaintiff might well rest easy,
till called on for payment.  He might well suppose, that the de-
fendant was performing all parts of his undertaking, till otherwise
informed.  Johnson Foote could call upon the plaintiff when he
pleased, after the notes were due ; and the plaintiff, upon satisfying
that call, had a right to seek his indemnity.  If the plaintiff had
been compelled to pay all these notes at one time, he ought to

CHITTENDEN,
January,
1831.
have sought his indemnity for the whole in one action ; but other-
wise, when he is called upon for each note separately.

Hosford
*vs.*
Foote.

Our decision upon this point disposes of the remaining point
also ; for, if the plaintiff has a right to his separate actions for his
indemnity against the several notes, the judgement in one action
can be no bar to another.

The judgement of the county court is affirmed.

*H. Allen,* for plaintiff.

*Chs. Adams,* for defendant.